Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/22/2019 08:07 AM CST

STATE OF NEBRASKA, APPELLEE, V.
TRACY N. PARNELL, APPELLANT.
___ N.W.2d ___

Filed November 30, 2018.    No. S-18-413.

1. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusions.
2. **Negligence: Public Officers and Employees: Pleadings: Appeal and Error.** The appropriate filing procedure when an appeal is lost due to official negligence is for the party seeking relief to file a motion in the lower court, seeking the ability to establish the basis for obtaining relief.
3. **Presumptions.** A letter properly addressed, stamped, and mailed raises a presumption that the letter reached the addressee in the usual course of the mails.
4. **Public Officers and Employees: Presumptions.** In the absence of evidence to the contrary, it may be presumed that public officers faithfully performed their official duties, and absent evidence showing misconduct or disregard of the law, the regularity of official acts is presumed.

Appeal from the District Court for Douglas County: GARY B. RANDALL, Judge. Reversed and remanded.

Tracy N. Parnell, pro se.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, and PAPIK, JJ.

Heavican, C.J.

## INTRODUCTION

Tracy N. Parnell filed a pro se motion for postconviction relief on July 12, 2017. The district court denied the motion without a hearing. Parnell then filed a motion to vacate or modify the judgment, contending that he was not informed of the denial and was thus unable to file a timely appeal. Parnell sought a hearing at which he could prove that he was not served with the district court's order denying his motion. The district court denied the motion without a hearing. Parnell appeals. We reverse.

## BACKGROUND

Parnell was convicted of first degree murder, attempted first degree murder, two counts of use of a deadly weapon to commit a felony, and possession of a weapon by a prohibited person. This court affirmed Parnell's convictions and sentences on direct appeal.[1]

On July 12, 2017, Parnell filed a motion seeking postconviction relief. The district court dismissed the motion without an evidentiary hearing on August 17. The clerk of the court certified that a copy of that dismissal was sent to the State and to Parnell.

On March 16, 2018, Parnell filed a motion alleging that he never received a copy of the order dismissing his postconviction motion and thus was unable to file a timely appeal. Along with the motion to vacate, Parnell requested a hearing on his motion. Parnell's motion to vacate was denied on March 21 without a hearing.

Parnell appeals from that denial. In its brief, the State agrees with Parnell that the district court erred in denying the motion without first holding a hearing.

---

[1] See *State v. Parnell*, 294 Neb. 551, 883 N.W.2d 652 (2016).

## ASSIGNMENT OF ERROR

Parnell assigns that the district court erred in denying his motion to vacate without a hearing.

## STANDARD OF REVIEW

[1] When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusions.[2]

## ANALYSIS

Parnell argues that the district court erred in denying his "Motion to Vacate or Modify Judgement and Motion to Compel[]" and his request for a hearing on that motion. The basis of Parnell's motion is his allegation that he did not receive a copy of the district court's order dismissing his motion for postconviction relief and therefore did not timely appeal from that denial. In denying Parnell's motion without a hearing, the district court reasoned that the certificate of service on the postconviction motion indicated that it was served on Parnell.

[2] The appropriate filing procedure when an appeal is lost due to official negligence is for the party seeking relief to file a motion in the lower court, seeking the ability to establish the basis for obtaining relief.[3]

[3,4] A letter properly addressed, stamped, and mailed raises a presumption that the letter reached the addressee in the usual course of the mails.[4] In the absence of evidence to the contrary, it may be presumed that public officers faithfully performed their official duties, and absent evidence showing

---

[2] *Hotz v. Hotz, ante* p. 102, 917 N.W.2d 467 (2018).

[3] See *State v. Smith*, 269 Neb. 773, 696 N.W.2d 871 (2005).

[4] *Sherrod v. State*, 251 Neb. 355, 557 N.W.2d 634 (2005), *overruled on other grounds, Davis v. State*, 297 Neb. 955, 902 N.W.2d 165 (2017).

misconduct or disregard of the law, the regularity of official acts is presumed.[5]

Parnell's motion alleged that he did not receive a copy of the order dismissing his postconviction motion. He sought the ability to obtain proof of his allegation and submit the same to the court. This was sufficient to obtain a hearing on his claim for official negligence.

Furthermore, while the law presumes that a public officer will faithfully perform his or her official duties and that a letter, once properly mailed, will reach its addressee, both are presumptions that can be overcome by the showing of evidence to the contrary. In this case, while Parnell sought the ability to rebut these presumptions, the district court's denial of his motion without a hearing prevented Parnell from offering evidence to that end. Whether the presumption can be successfully rebutted will depend on the evidence presented.

The district court erred when it denied the motion without holding a hearing at which Parnell was able to offer proof of his allegation.

## CONCLUSION

The district court erred in denying Parnell's motion without a hearing. We reverse that decision and remand the cause for a hearing at which Parnell may offer evidence in connection with his assertion that he never received the order dismissing his motion for postconviction relief.

REVERSED AND REMANDED.

FREUDENBERG, J., not participating.

---

[5] See *State v. Gales*, 269 Neb. 443, 694 N.W.2d 124 (2005).