Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/05/2021 08:11 AM CST

State of Nebraska, appellee, v.
Akeem R. Jones, appellant.
___ N.W.2d ___

Filed November 13, 2020.    No. S-20-184.

1. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusions.
2. **Negligence: Public Officers and Employees: Pleadings: Appeal and Error.** The appropriate filing procedure when an appeal is lost due to official negligence is for the party seeking relief to file a motion in the lower court, seeking the ability to establish the basis for obtaining relief.
3. **Presumptions.** A letter properly addressed, stamped, and mailed raises a presumption that the letter reached the addressee in the usual course of the mails.
4. **Public Officers and Employees: Presumptions.** In the absence of evidence to the contrary, it may be presumed that public officers faithfully performed their official duties, and absent evidence showing misconduct or disregard of the law, the regularity of official acts is presumed.
5. **Public Officers and Employees: Presumptions: Evidence.** The presumption that a public officer will faithfully perform his or her official duties can be overcome by the showing of evidence to the contrary.

Appeal from the District Court for Douglas County: Leigh Ann Retelsdorf, Judge. Reversed and remanded.

Akeem R. Jones, pro se.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Akeem R. Jones was convicted in the district court for Douglas County of first degree murder and was sentenced to life imprisonment. *State v. Jones*, 296 Neb. 494, 894 N.W.2d 303 (2017). After his direct appeal was unsuccessful, Jones' subsequent postconviction petition was denied without an evidentiary hearing on February 5, 2018, and Jones attempted to appeal the postconviction ruling. He filed a notice of appeal on February 26; however, Jones' request to proceed in forma pauperis and the supporting poverty affidavit were not filed until March 23, thereby missing the March 7 deadline. Therefore, on July 6, we dismissed the appeal in case No. S-18-295 for lack of jurisdiction. Thereafter, Jones filed a verified motion to vacate or modify in the district court in which he sought reinstatement of his appeal. Jones claimed that in order to meet the March 7 appellate deadline, he gave his paperwork to the proper authorities to mail prior to March 7, but that the negligent acts of prison officials in the mailroom at the Nebraska State Penitentiary delayed the filing of his poverty affidavit. The district court denied the motion without a hearing. Jones appeals. We reverse, and remand for a hearing on Jones' motion.

## STATEMENT OF FACTS

This case arises from a motion filed by Jones in the district court seeking postconviction relief, which was denied on February 5, 2018, without an evidentiary hearing. Jones filed a notice of appeal on February 26, but his request to proceed in forma pauperis and his supporting poverty affidavit were not filed until March 23. On July 6, we dismissed the appeal in case No. S-18-295 for lack of jurisdiction because of failure to pay the required docketing fee within 30 days or failure to file a poverty affidavit to substitute for the required docketing fee. See Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2018).

On November 15, 2019, Jones filed a verified motion in which he sought an order vacating or modifying judgment, the

purpose of which was to reinstate his appeal from the denial of his motion for postconviction relief. The denial of Jones' motion to vacate or modify without a hearing is the subject of this appeal.

In his motion, Jones alleged, inter alia:

> [Jones'] Poverty Affidavit was submitted via prison mail (according to rules and regulations established by the prison, handing mail to prison staff in one's housing unit to transport to deliver to the prison mailroom staff for mailing) on or about March 2, 2018, to be received by the Clerk of District Court (Douglas County, Nebraska) before the 30-day timeline (March 7, 2018). However, [Jones'] said legal mail was erroneously returned to his housing unit, and placed on a desk of one of the unit staff member[s], and abandoned, without informing or notifying [Jones] in a timely fashion . . . .

Additional allegations are quoted below in our analysis section. In conclusion, Jones alleged that the poverty affidavit was untimely filed in the appellate court "due to the lateness and negligence of prison officials." With respect to relief, relying on our language in *State v. Parnell*, 301 Neb. 774, 919 N.W.2d 900 (2018), Jones asserted that in such a case, he was entitled to "the ability to establish the basis for relief" through an order granting his motion or a hearing that "would permit and allow [Jones] to present said merits before the court."

Jones alleged that certain exhibits were attached. He stated that the exhibits "are imperatives and submitted herewith as bona fide proof, commensurating [Jones'] requested relief in the instant, and as a matter of law." The memorandum from Melody Michaud, a case manager at the Nebraska State Penitentiary, was attached. The memorandum is unsworn. The memorandum states, in relevant part:

> On 3-16-2018/, I found an envelope on a desk that inmate Jones 84240 had previously turned in to mail on 3-7-2018. (A note from our mailroom was attached giving me this information.) The letter was returned for

postage, but should have been given to Mr. Jones upon it's [sic] arrival back to the housing unit. I notified Jones, who told me that this was a letter for the courts and had a due date, but now it was late.

Jones had resubmitted the envelope for mail, but was returned to the unit on 3-20-2018 as no staff had signed off on approval for postage. On this occasion, the fault lies with me, I had neglected to sign off approval and the envelope came back to the housing unit again.

Please take into consideration that the lateness of this mail was not the fault of Akeem Jones, but that of housing unit staff. I apologize for any inconvenience that this may have caused.

The district court denied Jones' motion for reinstatement of his appeal. It appears the court ignored Jones' sworn allegations of an earlier date. Instead, working on the incorrect assumption that appellate filings were due on March 2, 2018, and relying on the unsworn Michaud memorandum, the district court made certain findings. It found that Jones originally gave his request to proceed in forma pauperis and his poverty affidavit to the mailroom on March 7 and that because these documents were due on March 2, they were untimely delivered to the mailroom even before any subsequent acts of negligence by public officials. Jones appeals.

## ASSIGNMENT OF ERROR

Jones assigns, restated, that the district court erred when it denied his motion to vacate or modify the judgment without a hearing.

## STANDARD OF REVIEW

[1] When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusions. *State v. Parnell, supra*.

## ANALYSIS

In this appeal, Jones generally claims that the appeal from the denial of his motion for postconviction relief was lost

due to official negligence and that his attempt to remedy the situation in the district court was wrongly denied. As explained below, we find merit in Jones' assignment of error and reverse, and remand for a hearing.

Jones filed a verified motion to vacate or modify the judgment. In his motion, Jones alleged that he submitted mail, including his request to proceed in forma pauperis and his poverty affidavit, "on or about March 2, 2018, to be received . . . before the 30-day timeline (March 7, 2018)." Jones further alleged that mail containing the poverty affidavit was mislaid by prison staff, causing it to be filed after the deadline for his appeal. The unsworn memorandum prepared by the case manager, Michaud, was attached to Jones' motion. The district court denied Jones' motion without a hearing. The district court reasoned that the memorandum attached to Jones' motion conclusively disproved Jones' allegations. In particular, the district court found that Jones' request to proceed in forma pauperis and his poverty affidavit were untimely submitted to the mailroom regardless of mishandling of the mail and subsequent negligence of prison staff.

[2] We have recently concluded that the appropriate filing procedure when an appeal is lost due to official negligence is for the party seeking relief to file a motion in the lower court, seeking the ability to establish the basis for obtaining relief. *State v. Parnell*, 301 Neb. 774, 919 N.W.2d 900 (2018). This is the procedure Jones followed.

[3-5] We have long held that a letter properly addressed, stamped, and mailed raises a presumption that the letter reached the addressee in the usual course of the mails. *Id*. In the absence of evidence to the contrary, it may be presumed that public officers faithfully performed their official duties, and absent evidence showing misconduct or disregard of the law, the regularity of official acts is presumed. *Id*. The presumption that a public officer will faithfully perform his or her official duties can be overcome by the showing of evidence to the contrary. See *id*. In this case, Jones has made a showing under oath that mail consisting of his poverty affidavit to

be delivered to the court in a timely manner for filing was handled in an irregular manner.

As an initial matter, we note that the district court incorrectly calculated the final day to perfect an appeal as March 2, 2018, when the actual deadline was March 7. See § 25-1912. This error coupled with its reliance on the unsworn memorandum based on hearsay cast doubt on the district court's reasoning.

Relying on the memorandum attached to Jones' motion, and contrary to Jones' allegations, the district court found that Jones gave his mail containing the poverty affidavit to the mailroom on March 7, 2018, and thus found it was untimely upon arrival. We believe that the district court's reliance on the memorandum as a basis to deny a hearing was misplaced, for several reasons.

The memorandum from Michaud upon which the district court relied was not verified, was not based on her own knowledge, and was based entirely on the hearsay contained in a note prepared by an unknown author. Further, Michaud was not competent to assert of her own knowledge that Jones turned his mail in on March 7, 2018. With respect to the March 7 date, Michaud admits that "[a] note from our mailroom was attached giving me this information." See Neb. Rev. Stat. § 27-801 (Supp. 2019) (providing that hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").

In contrast, Jones swore in a verified motion that he submitted the poverty affidavit

> via prison mail (according to rules and regulations established by the prison, handing mail to prison staff in one's housing unit to transport or deliver to the prison mailroom staff for mailing) on or about March 2, 2018, *to be received by the Clerk . . . before the 30-day timeline (March 7, 2018)*.

(Emphasis supplied.) In paragraph 10 of the verified motion, Jones alleged that the acts of the officials "denied [Jones]

appellate review for the denial of his postconviction motion, based upon a filing procedure and/or *delay that was not* [*Jones'*] *fault* and out of his hands to control." (Emphasis supplied.) He further alleged in paragraph 9 that he was precluded from taking an appeal "by neglect, mistake, or an irregularity (official neglect or omission or state impediment) culpable on the part of Nebraska State Penitentiary's prison staff official *failure to submit* [*his*] *legal documents for mailing in a timely fashion for filing.*" (Emphasis supplied.) And in paragraph 6, he alleged:

> [Jones] was effectively hindered and precluded from submitting his said legal mail (with the Poverty Affidavit enclosed) through the prison mailroom, for reasons exuding culpability and negligence by prison staff, who failed to appropriately notify or inform [Jones] that the mailroom had returned said legal mail erroneously, to him, *thereby denying* [*him*] *the opportunity to take rapid corrective measure(s)* to re-send same said legal mail for filing . . . (SEE Exhibit 1 and 5 attached herewith).

(Emphasis supplied.) (Emphasis omitted.)

As we read the motion in its entirety, Jones attached Michaud's memorandum as support for his allegations that the "delay . . . was not [Jones'] fault," officials failed to submit his documents "in a timely fashion for filing," and he was denied "the opportunity to take rapid corrective measure(s)." The memorandum supports Jones' numerous temporal allegations of a delay caused by negligent acts of officials, and we do not read his motion as adopting the memorandum's unsubstantiated date of March 7, 2018. The motion's narrative to the effect that the exhibits are "imperatives" and "bona fide proof, commensurating [Jones'] requested relief" indicates, albeit colorfully, that Jones tendered the exhibits to support the thrust of his motion regarding official irregularity causing delay, rather than an endorsement of the March 7 date. The memorandum corroborates Jones' claim that he submitted his mail containing the poverty affidavit to the prison mailroom

on a date and in a proper manner and that it was delayed by subsequent official negligence. Given the layers of hearsay encompassed by the memorandum as attached, it is not appropriate to resolve the trustworthiness of statements therein about dates at this stage. See *State v. Stricklin*, 290 Neb. 542, 861 N.W.2d 367 (2015) (stating that when out-of-court statement relates content of another out-of-court statement, there must be independent hearsay exception for each statement). The motion's reference to the memorandum does not eclipse Jones' numerous explicit allegations under oath that he submitted his paperwork prior to the court deadline so as to reach the court in a timely manner.

As in our recent case, *State v. Parnell*, 301 Neb. 774, 919 N.W.2d 900 (2018), Jones' claim of official negligence was sufficient to obtain a hearing at which to submit proof to the court of his allegation of official negligence. The district court erred when it denied the motion without holding a hearing at which Jones was able to offer proof of his allegations and attempt to carry his burden to rebut the presumption that public officers faithfully performed their official duties.

## CONCLUSION

The district court erred when it denied Jones' motion to vacate or modify the judgment without a hearing. We reiterate that we do not adopt a prison delivery rule, see *State v. Smith*, 286 Neb. 77, 834 N.W.2d 799 (2013), and *State v. Parmar*, 255 Neb. 356, 586 N.W.2d 279 (1998), nor do we hold that a delay in mailing necessarily results in an untimely filing. We reverse the decision of the district court and remand the cause for a hearing at which Jones may offer evidence that the negligence of prison officials at the Nebraska State Penitentiary delayed the mailing of a poverty affidavit associated with his prior appeal.

Reversed and remanded.

Freudenberg, J., not participating.