Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/22/2022 08:06 AM CST

State of Nebraska, appellee, v.
David B. Brown, appellant.
___ N.W.2d ___

Filed February 15, 2022.    No. A-21-097.

1. **Pleadings: Judgments: Appeal and Error.** A trial court's decision to grant or deny a motion to reconsider is reviewed for an abuse of discretion.
2. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.
3. **Courts: Judgments: Time: Appeal and Error.** A motion for reconsideration does not terminate the time for appeal and is considered nothing more than an invitation to the court to consider exercising its inherent power to vacate or modify its own judgment.
4. **Negligence: Public Officers and Employees: Pleadings: Appeal and Error.** The appropriate filing procedure when an appeal is lost due to official negligence is for the party seeking relief to file a motion in the lower court, seeking the ability to establish the basis for obtaining relief.
5. **Postconviction: Constitutional Law: Effectiveness of Counsel.** There is no constitutional guarantee of effective assistance of counsel in a postconviction action and therefore no claim for ineffective assistance of postconviction counsel.

Appeal from the District Court for Butler County: Christina M. Marroquin, Judge. Reversed and remanded.

Robert Wm. Chapin, Jr., for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

Pirtle, Chief Judge, and Riedmann and Welch, Judges.

Riedmann, Judge.

## INTRODUCTION

David B. Brown appeals the order of the district court for Butler County which dismissed his motion for reconsideration as untimely. We determine that his motion for reconsideration was not untimely, and therefore, we reverse, and remand for consideration on the merits.

## BACKGROUND

Brown was convicted on February 2, 2018, of two counts of first degree sexual assault. On direct appeal, this court affirmed the convictions and sentences. See *State v. Brown*, No. A-18-599, 2019 WL 1492689 (Neb. App. Mar. 25, 2019) (selected for posting to court website). A mandate issued on May 1, 2019.

Brown filed a verified motion for postconviction relief on April 22, 2020, alleging ineffective assistance of trial counsel and appellate counsel, as well as actual innocence. At a hearing on the motion on May 26, the State moved orally to dismiss the motion, counsel was appointed for Brown, and the hearing was continued to June 23. At the subsequent hearing, counsel for the State and Brown presented arguments, and the matter was taken under advisement by the court. The district court issued an order on September 17 dismissing Brown's motion for postconviction relief without an evidentiary hearing.

On January 19, 2021, Brown filed a "Verified Motion for Reconsideration, Motion to Vacate and Reinstate Order Denying Motion for Postconviction Relief." On January 20, Brown's postconviction counsel filed a motion for leave to withdraw as counsel because Brown alleged in his motion misconduct or ineffective assistance of counsel. The court granted the motion to withdraw. In addressing the motion for reconsideration, the court stated, "It is untimely filed and the Motion is here dismissed." Brown timely appealed.

## ASSIGNMENTS OF ERROR

Brown assigns, restated, that (1) the court erred in dismissing the motion for reconsideration and (2) the attorney assigned to represent Brown in his postconviction motion was ineffective.

## STANDARD OF REVIEW

[1,2] A trial court's decision to grant or deny a motion to reconsider is reviewed for an abuse of discretion. *County of Douglas v. Nebraska Tax Equal. & Rev. Comm.*, 296 Neb. 501, 894 N.W.2d 308 (2017). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

## ANALYSIS

*Dismissal of Motion for Reconsideration.*

Brown's motion contained two alternative requests: first, to reconsider his initial motion for postconviction relief, and second, in the alternative, to vacate and reinstate its order denying the initial motion so that Brown might appeal. The district court stated that it reviewed Brown's "Motion for Reconsideration. It is untimely filed and the Motion is here dismissed." The district court did not elaborate further on its reasoning.

Brown argues that the district court abused its discretion in denying the motion to reconsider in light of the delay in Brown's receiving a copy of the initial order denying his postconviction motion. The State argues that the district court "correctly denied the motion for reconsideration because it could not legally vacate and reissue" the initial order to circumvent the legislatively created appellate deadline and because the district court had correctly denied the initial postconviction motion. Brief for appellee at 11.

[3] Without addressing the merits of Brown's motion for reconsideration, we find that the district court abused its discretion in dismissing the motion for reconsideration as untimely. A motion for reconsideration does not terminate the time for

appeal and is considered nothing more than an invitation to the court to consider exercising its inherent power to vacate or modify its own judgment. *State v. Lotter*, 301 Neb. 125, 917 N.W.2d 850 (2018).

[4] In *State v. Parnell*, 301 Neb. 774, 919 N.W.2d 900 (2018), the defendant filed a motion for postconviction relief that was dismissed without an evidentiary hearing on August 17, 2017. On March 16, 2018, the defendant filed a motion to vacate or modify the judgment, contending that he was not informed of the denial due to official misconduct and was thus unable to file a timely appeal. The district court denied the motion to vacate without a hearing. The Nebraska Supreme Court reversed the district court's order denying the motion to vacate. It articulated that the appropriate filing procedure when an appeal is lost due to official negligence is for the party seeking relief to file a motion in the lower court, seeking the ability to establish the basis for obtaining relief. *Id.*

Likewise, in *State v. Jones*, 307 Neb. 809, 950 N.W.2d 625 (2020), the defendant filed a motion for postconviction relief that was denied without a hearing. He attempted to appeal the denial, but his request to proceed in forma pauperis and poverty affidavit were untimely filed. Consequently, his appeal was dismissed. *Id*. He then filed a motion to vacate or modify in the district court in which he sought reinstatement of his appeal. He claimed that in order to meet the appellate deadline, he gave his paperwork to the proper prison authorities to mail but they failed to timely act. *Id*. The district court denied the motion without a hearing. The Supreme Court reversed, citing *State v. Parnell, supra*, and the procedure set forth therein.

Although Brown asserts that the delay in receiving notice of the court's dismissal of his postconviction motion was due to his counsel's negligence as opposed to negligence of the court or prison officials, *State v. Parnell, supra*, and *State v. Jones, supra*, instruct that Brown's motion to reconsider was not untimely and should not have been dismissed as such.

See, also, *State v. Manning*, 18 Neb. App. 545, 789 N.W.2d 54 (2010) (addressing merits of appeal of denial of motion to vacate order denying postconviction relief based on allegedly newly discovered evidence). We do not address the merits of Brown's motion for reconsideration; rather, we find only that it was an abuse of discretion to deny it as untimely. Therefore, we reverse, and remand for the district court to review the motion for reconsideration on the merits.

*Ineffective Assistance of Postconviction Counsel.*

[5] Brown argues that his postconviction counsel was ineffective because he did not timely notify him of the final order dismissing his postconviction motion. There is no constitutional guarantee of effective assistance of counsel in a postconviction action and therefore no claim for ineffective assistance of postconviction counsel. *State v. Hessler*, 288 Neb. 670, 850 N.W.2d 777 (2014). Brown has no claim for ineffective assistance of postconviction counsel, and his assignment is without merit.

## CONCLUSION

For the foregoing reasons, we reverse the dismissal of Brown's motion for reconsideration as untimely and remand the matter to the district court to review the motion on the merits.

REVERSED AND REMANDED.