Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/16/2022 08:05 AM CST

State of Nebraska, appellee, v.
David B. Brown, appellant.
___ N.W.2d ___

Filed October 21, 2022.    No. S-21-097.

1. **Appeal and Error.** When reviewing a question of law, an appellate court resolves the question independently of the lower court's conclusion.
2. **Pleadings: Judgments: Appeal and Error.** A trial court's decision to grant or deny a motion to reconsider is reviewed for an abuse of discretion.
3. **Public Officers and Employees: Negligence: Pleadings: Appeal and Error.** The appropriate filing procedure when an appeal is lost due to official negligence is for the party seeking relief to file a motion in the lower court, seeking the ability to establish the basis for obtaining relief.
4. **Public Officers and Employees: Negligence: Appeal and Error.** Where a duty is placed upon a public officer to perform acts necessary to perfect an appeal, his or her failure to perform cannot be charged to the litigant or operate to defeat the appeal; however, if the negligence of the appellant or his or her agent concurs with that of the court official, it precludes the appeal.
5. **Attorney and Client: Agency.** The relationship between attorney and client is one of agency, and the general agency rules of law apply to the relation of attorney and client.
6. **Postconviction: Effectiveness of Counsel: Public Officers and Employees: Negligence: Appeal and Error.** The loss of an appeal on collateral review due to postconviction counsel's negligence does not entitle the party seeking relief to the procedural remedy recognized when an appeal is lost due to official negligence.
7. **Postconviction: Effectiveness of Counsel: Appeal and Error.** Where a defendant is denied his or her right to a direct appeal because counsel fails to perfect an appeal, the proper vehicle for the defendant to seek relief is through the Nebraska Postconviction Act.

8. **Postconviction: Constitutional Law: Effectiveness of Counsel.** There is no constitutional guarantee of effective assistance of counsel in a postconviction action and therefore no claim for ineffective assistance of postconviction counsel.

9. **Courts: Judgments: Time: Appeal and Error.** A motion for reconsideration does not terminate the time for appeal and is considered nothing more than an invitation to the court to consider exercising its inherent power to vacate or modify its own judgment.

10. **Courts: Judgments: Legislature: Time: Appeal and Error.** Courts have the power to vacate or modify their own judgments and orders at any time during the term at which they were pronounced. But this power may not be used to circumvent the Legislature's power to fix the time limit to take an appeal.

11. **Courts: Judgments: Time: Appeal and Error.** A court may not vacate an order or judgment and reinstate it at a later date just for the purpose of extending the time for appeal.

12. **Judgments: Appeal and Error.** Where the record adequately demonstrates that the decision of a trial court is correct, although such correctness is based on a ground or reason different from that assigned by the trial court, an appellate court will affirm.

Petition for further review from the Court of Appeals, Pirtle, Chief Judge, and Riedmann and Welch, Judges, on appeal thereto from the District Court for Butler County, Christina M. Marroquin, Judge. Judgment of Court of Appeals reversed and remanded with direction.

Robert Wm. Chapin, Jr., for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

We granted the State of Nebraska's petition for further review to consider a Nebraska Court of Appeals' decision[1] extending

---

[1] *State v. Brown*, 30 Neb. App. 657, 970 N.W.2d 809 (2022).

the procedural remedy for "claims of official negligence"[2] to an appeal that purportedly was lost due to an appointed postconviction counsel's actions. Because we conclude that the Court of Appeals' decision extends *State v. Parnell*[3] and *State v. Jones*[4] beyond their applicable scope, we reverse, and remand with direction.

## BACKGROUND

This case arises from criminal proceedings in the district court for Butler County. A jury convicted David B. Brown of two counts of first degree sexual assault, and the court sentenced Brown. On direct appeal, the Court of Appeals affirmed Brown's convictions and sentences.[5] Brown filed a timely pro se motion for postconviction relief pursuant to Neb. Rev. Stat. § 29-3001 (Reissue 2016). The State moved to dismiss the motion, and the district court appointed counsel to represent Brown. The court heard arguments from the State and Brown's appointed counsel.

On September 17, 2020, the court entered an order that sustained the State's motion to dismiss and "dismissed [Brown's motion for postconviction relief] without the necessity of an evidentiary hearing." The court addressed three claims. It stated that Brown's claim for actual innocence was "an attempt to relitigate issues decided at trial," that his ineffective assistance of trial counsel claim for failure to file a motion to suppress had "no basis" in light of the jury instructions, and that his ineffective assistance of appellate counsel claim for failure to challenge the constitutionality of the Sex Offender Registration Act[6] had no legal basis.

---

[2] See, *State v. Jones*, 307 Neb. 809, 950 N.W.2d 625 (2020); *State v. Parnell*, 301 Neb. 774, 919 N.W.2d 900 (2018).

[3] *State v. Parnell, supra* note 2.

[4] *State v. Jones, supra* note 2.

[5] See *State v. Brown*, No. A-18-599, 2019 WL 1492689 (Neb. App. Mar. 25, 2019) (selected for posting to court website).

[6] See Neb. Rev. Stat. §§ 29-4001 to 29-4014 (Reissue 2016).

Brown did not file an appeal within 30 days of the court's order.[7]

On January 19, 2021, Brown filed a pro se "Verified Motion for Reconsideration, Motion to Vacate and Reinstate Order Denying Motion for Postconviction Relief." Brown moved the court to reconsider his motion for postconviction relief or, in the alternative, to vacate and reinstate the order so that Brown could file a timely appeal.

In the motion, Brown asserted that his delay in filing an appeal was due to his appointed counsel's failure to provide him with a copy of the court's order. Brown further alleged that his counsel did not notify him of the court's ruling until October 16, 2020, which was 29 days after the court entered the order. Brown stated that he did not receive a copy of the order until December 14.

On January 22, 2021, the court "dismissed" Brown's motion. The order stated: "The Court has reviewed [Brown's] Motion for Reconsideration. It is untimely filed and the Motion is here dismissed."

On February 3, 2021, Brown filed an appeal from that ruling. He assigned, restated, that (1) the district court erred in dismissing the motion for reconsideration and (2) the attorney assigned to represent Brown in his postconviction motion was ineffective. Brown argued that the court abused its discretion in dismissing the motion as untimely in light of his delay in receiving a copy of the court's order. The State argued that the court "correctly denied the motion for reconsideration because it could not legally vacate and reissue" the initial order to circumvent the legislatively created deadline and because the court had correctly denied Brown's postconviction motion.[8]

Without addressing the merits of Brown's motion for reconsideration, the Court of Appeals found that the district court

---

[7] See Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2022).

[8] Brief for appellee at 11.

abused its discretion in dismissing the motion as untimely. It reasoned that a motion for reconsideration does not terminate the time for appeal and is considered nothing more than an invitation to the court to consider exercising its inherent power to vacate or modify its own judgment.[9] It further stated:

> Although Brown asserts that the delay in receiving notice of the court's dismissal of his postconviction motion was due to his counsel's negligence as opposed to negligence of the court or prison officials, *State v. Parnell*[10] and *State v. Jones*[11] instruct that Brown's motion to reconsider was not untimely and should not have been dismissed as such.[12]

The Court of Appeals also cited to one of its decisions[13] which addressed the merits of an appeal of the denial of a motion to vacate an order denying postconviction relief based on allegedly newly discovered evidence.

The Court of Appeals next reasoned that there is no constitutional guarantee of effective assistance of counsel in a postconviction action and therefore no claim for ineffective assistance of postconviction counsel.[14] It reversed the district court's dismissal of Brown's motion for reconsideration as untimely and remanded the matter for consideration on the merits.

The State filed a timely petition for further review, which we granted.

## ASSIGNMENTS OF ERROR

The State assigns, restated, that the Court of Appeals erred in (1) relying on *Parnell* and *Jones* to conclude that Brown's motion for reconsideration was not untimely and (2) remanding

---

[9] See *State v. Lotter*, 301 Neb. 125, 917 N.W.2d 850 (2018).

[10] *State v. Parnell, supra* note 2.

[11] *State v. Jones, supra* note 2.

[12] *State v. Brown, supra* note 1, 30 Neb. App. at 660, 970 N.W.2d at 812.

[13] *State v. Manning*, 18 Neb. App. 545, 789 N.W.2d 54 (2010).

[14] See *State v. Hessler*, 288 Neb. 670, 850 N.W.2d 777 (2014).

the matter, because the district court could not legally vacate and reinstate the order dismissing Brown's motion for postconviction relief.

## STANDARD OF REVIEW

[1,2] When reviewing a question of law, an appellate court resolves the question independently of the lower court's conclusion.[15] A trial court's decision to grant or deny a motion to reconsider is reviewed for an abuse of discretion.[16]

## ANALYSIS

In its petition for further review, the State assigns that the Court of Appeals' reliance on *Parnell*[17] and *Jones*[18] is misplaced. It suggests that the procedural remedy outlined in those cases applies only to "claims of official negligence."[19] It points out—and the Court of Appeals recognized—that Brown attributes his delay in filing to his appointed counsel's negligence. The State characterizes the Court of Appeals' decision as "equat[ing] actions of postconviction counsel with that of official negligence."[20]

## *Parnell* and *Jones* Do Not Apply

[3] We begin by analyzing the procedural remedy outlined in *Parnell* and *Jones* to determine whether it applies in Brown's situation. In both cases, we recognized a narrow exception to the 30-day time limit to appeal: The appropriate filing procedure when an appeal is lost due to official negligence is for the party seeking relief to file a motion in the lower court, seeking the ability to establish the basis for obtaining relief.[21]

---

[15] *State v. Koch*, 304 Neb. 133, 933 N.W.2d 585 (2019).

[16] *County of Douglas v. Nebraska Tax Equal. & Rev. Comm.*, 296 Neb. 501, 894 N.W.2d 308 (2017).

[17] *State v. Parnell, supra* note 2.

[18] *State v. Jones, supra* note 2.

[19] Brief for appellee in support of petition for further review at 7.

[20] *Id.*

[21] *State v. Jones, supra* note 2; *State v. Parnell, supra* note 2.

This procedural remedy derives from our earlier holding in *State v. Smith*.[22] There, a district court overruled a defendant's motion for postconviction relief. The defendant appealed from the order, but the Court of Appeals dismissed the appeal as untimely. The defendant then filed a second "'motion for post-conviction relief,'" alleging that he filed his notice of appeal and accompanying documents within the 30-day period.[23] He alleged that the court clerk misplaced the documents he filed, depriving him of his right to appeal. Given the circumstances, the defendant requested that the court permit him to appeal. The district court sustained the motion.

[4] On appeal in *Smith*, this court distinguished negligence that results solely from a public officer's error from negligence that results, at least in part, due to the acts of the appellant or his or her agent. We emphasized that where a duty is placed upon a public officer to perform acts necessary to perfect an appeal, his or her failure to perform cannot be charged to the litigant or operate to defeat the appeal; however, if the negligence of the appellant or his or her agent concurs with that of the court official, it precludes the appeal.[24] We reasoned that the defendant would be entitled to reinstatement of his appeal if it was lost solely due to the clerk's error. Therefore, we held that the appropriate procedure for securing a new appeal when an appeal is lost due to official negligence is to file a motion in the lower court and establish the factual basis for obtaining relief.

We now turn to our analysis in *Parnell* and *Jones*. The Court of Appeals' decision recites the facts of both cases, which we briefly set forth here.

In *Parnell*, the defendant alleged that he missed the deadline for appeal, because he did not receive a copy of the district court's order dismissing his motion for postconviction

---

[22] *State v. Smith*, 269 Neb. 773, 696 N.W.2d 871 (2005).

[23] *Id.* at 777, 696 N.W.2d at 878.

[24] *State v. Smith, supra* note 22.

relief.[25] The court clerk certified that a copy of that dismissal was sent to the State and to the defendant. We held that while the law presumes that a public officer will faithfully perform his or her official duties and that a letter, once properly mailed, will reach its addressee, both are presumptions that can be overcome by the showing of evidence to the contrary. Under the circumstances, we concluded that the defendant was entitled to an evidentiary hearing to offer proof of his allegation.

In *Jones*, the defendant failed to file a timely appeal from a district court's order denying his motion for postconviction relief.[26] The defendant alleged that he attempted to appeal the denial and that he deposited his paperwork with prison officials before the 30-day deadline. But he asserted that due to the negligent acts of the officials, his paperwork did not arrive to the court in a timely manner. We held that the defendant alleged a claim of official negligence sufficient to entitle him to a hearing under *Parnell*.

[5] Although *Smith*, *Parnell*, and *Jones* may seem procedurally similar to Brown's situation, the basis of Brown's claim was fundamentally different. Brown did not attribute his delay in filing to the negligence of court or prison officials. Brown alleged that his appeal was lost due to his appointed counsel's negligence. Although at oral argument Brown argued that his postconviction attorney was an "officer of the court," the relationship between attorney and client is one of agency, and the general agency rules of law apply to the relation of attorney and client.[27] Here, Brown was the principal and postconviction counsel was his agent.

[6] The loss of an appeal on collateral review due to postconviction counsel's negligence does not entitle the party seeking

---

[25] *State v. Parnell, supra* note 2.

[26] *State v. Jones, supra* note 2.

[27] *Thomas & Thomas Court Reporters v. Switzer*, 283 Neb. 19, 810 N.W.2d 677 (2012).

relief to the procedural remedy recognized when an appeal is lost due to official negligence. Under *Smith*, mere concurring negligence of an appellant's agent is sufficient to preclude an appeal.[28] Where negligence is attributed solely to an appellant's agent, the same outcome follows. We agree with the State that the procedural remedy recognized in *Parnell* and *Jones* does not apply in Brown's situation. The Court of Appeals erred in applying that remedy here.

## APPOINTED POSTCONVICTION
## COUNSEL'S ALLEGED NEGLIGENCE

[7] We have previously held that where a defendant is denied his or her right to a direct appeal because counsel fails to perfect an appeal, the proper vehicle for the defendant to seek relief is through the Nebraska Postconviction Act.[29] After a trial, conviction, and sentencing, if counsel deficiently fails to file or perfect an appeal after being so directed by the criminal defendant, prejudice will be presumed and counsel will be deemed ineffective, thus entitling the defendant to postconviction relief.[30] The U.S. Supreme Court has held that a criminal defendant has a constitutional right to effective assistance of counsel in his or her first appeal as of right.[31]

[8] But this procedural remedy is not available when counsel fails to file an appeal in a postconviction proceeding. Brown's constitutional right to effective assistance of counsel ended when the Court of Appeals decided his direct appeal. There is no constitutional guarantee of effective assistance of counsel in a postconviction action and therefore no claim for ineffective

---

[28] *State v. Smith, supra* note 22.

[29] See *State v. Hess*, 261 Neb. 368, 622 N.W.2d 891 (2001) (citing *State v. Trotter*, 259 Neb. 212, 609 N.W.2d 33 (2000)).

[30] *Id.* See, also, *State v. Collins*, 292 Neb. 602, 873 N.W.2d 657 (2016); *State v. Halsey*, 195 Neb. 432, 238 N.W.2d 249 (1976).

[31] See *Halbert v. Michigan*, 545 U.S. 605, 125 S. Ct. 2582, 162 L. Ed. 2d 552 (2005) (citing *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963)).

assistance of postconviction counsel.[32] We express no opinion regarding any other avenue for relief which might be available to Brown.

### No Abuse of Discretion in Denying Reconsideration

[9] The Court of Appeals correctly distinguished an appeal from the district court's order denying reconsideration from an appeal from the order denying postconviction relief. A motion for reconsideration does not terminate the time for appeal and is considered nothing more than an invitation to the court to consider exercising its inherent power to vacate or modify its own judgment.[33] The district court had jurisdiction to consider the reconsideration motion, and the Court of Appeals had jurisdiction to review denial of that motion for abuse of discretion.[34]

But the Court of Appeals erred in finding an abuse of discretion based upon *Parnell* and *Jones*. And here, there was no other basis for doing so.

[10,11] Courts have the power to vacate or modify their own judgments and orders at any time during the term at which they were pronounced. But this power may not be used to circumvent the Legislature's power to fix the time limit to take an appeal.[35] A court may not vacate an order or judgment and reinstate it at a later date just for the purpose of extending the time for appeal.[36]

[12] Here, Brown did not claim official negligence, and the court had no power to vacate its denial of postconviction relief merely for the purpose of extending the time for appeal.

---

[32] *State v. Hessler, supra* note 14.

[33] *State v. Lotter, supra* note 9.

[34] See Rules of Dist. Ct. of Fifth Jud. Dist. 5-1 (rev. 2001) (term coextensive with calendar year).

[35] *In re Interest of Luz P. et al.*, 295 Neb. 814, 891 N.W.2d 651 (2017).

[36] *Id.*

While the district court may have inaccurately described the reconsideration motion as untimely, it could not have used that motion as a vehicle to extend the time for appeal. Where the record adequately demonstrates that the decision of a trial court is correct, although such correctness is based on a ground or reason different from that assigned by the trial court, an appellate court will affirm.[37] The Court of Appeals should have done so here.

## CONCLUSION

We conclude that *Parnell* and *Jones* do not apply in Brown's situation. The appropriate procedural remedy when an appeal purportedly was lost due to an appointed counsel's actions is for the defendant to seek relief through the Nebraska Postconviction Act. But that remedy is not available where the claim is based on ineffective assistance of postconviction counsel. Because we conclude that the Court of Appeals erred in its application of *Parnell* and *Jones*, we reverse its decision and remand with direction to affirm the order of the district court.

REVERSED AND REMANDED WITH DIRECTION.

---

[37] *State v. Grant*, 310 Neb. 700, 968 N.W.2d 837 (2022).