IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. LOVING

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JEFFREY S. LOVING, APPELLANT.

Filed January 16, 2024.    No. A-23-009.

Appeal from the District Court for Douglas County: PETER C. BATAILLON, Judge. Affirmed in part, and in part vacated and remanded for further proceedings.

Jeffrey S. Loving, pro se.

Michael T. Hilgers, Attorney General, and Nathan A. Liss for appellee.

RIEDMANN, ARTERBURN, and WELCH, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Jeffrey S. Loving appeals from an order denying his motion for postconviction relief following an evidentiary hearing on his claim that trial counsel was ineffective for failing to file a direct appeal. In the same order, the district court denied Loving's separate claim of ineffective assistance of trial counsel, which alleged that counsel should have filed a motion for absolute discharge on speedy trial grounds. For the reasons set forth below, we affirm in part, and in part vacate and remand for further proceedings.

## BACKGROUND

The State filed an information charging Loving with first degree murder pursuant to Neb. Rev. Stat. § 28-303(1) (Reissue 2016) and with use of a deadly weapon to commit a felony pursuant to Neb. Rev. Stat. § 28-1205(1) (Reissue 2016). The charges against Loving stemmed

- 1 -

from an incident which occurred on July 7, 2016. Evidence presented by the State revealed that at 5:53 p.m., shots were fired near the intersection of 28th and Laurel Avenues in Omaha, Nebraska. Approximately 3 minutes after the shots were fired, the 911 emergency dispatch service received a telephone call indicating that there was a shooting victim located at a gas station a short distance from 28th and Laurel Avenues.

When police arrived at the gas station, they found Marshall Washington in the front seat of a silver sport utility vehicle (SUV) suffering from a gunshot wound to his right cheek. Washington ultimately succumbed to his injuries. He was pronounced dead at a hospital upon his arrival. At the gas station, police also located the driver of the SUV, Theodore Loving. Theodore told police that his nephew, Loving, had shot at the vehicle as a result of a dispute they were having. Theodore claimed that Loving owed him $3,000 for drugs he had purchased. Loving was subsequently arrested and charged with the murder of Washington.

In October 2017, a jury trial was held and Loving was found guilty of second degree murder and use of a deadly weapon (firearm) to commit a felony. He was sentenced to a total of 110 to 130 years' imprisonment. Loving appealed his convictions and sentences to this court. See *State v. Loving*, 27 Neb. App. 73, 926 N.W.2d 686 (2019). On appeal, Loving alleged, among other claims, that a new trial was warranted because the district court incorrectly instructed the jury on the elements of second degree murder. We agreed with this assertion, finding plain error in the step instruction given to the jury regarding the elements of murder in the second degree and manslaughter. We reversed Loving's convictions and sentences, and remanded for a new trial. *Id*. Our mandate issued on April 9, 2019.

After our mandate issued, the district court issued an order scheduling the retrial for December 2, 2019. However, on November 22, Loving's trial counsel filed a motion to withdraw, indicating that withdrawal was required by "the rules of ethics delineated in the Rules of Professional Conduct." The district court granted the motion to withdraw and appointed Loving with substitute trial counsel. Substitute counsel filed a motion to continue the trial to at least April 13, 2020, so that he could adequately prepare. Filed with the motion was an affidavit from Loving indicating that he was waiving his right to a speedy trial after discussing the issue with his new counsel. The district court granted the motion to continue.

On March 13, 2020, the State filed an amended information charging Loving with second degree murder pursuant to Neb. Rev. Stat. § 28-304 (Reissue 2016) and with use of a deadly weapon to commit a felony pursuant to § 28-1205(1). On July 21, pursuant to a plea agreement with the State, Loving pled guilty to the charges in the amended information. In exchange for his guilty pleas, the State recommended to the district court that Loving receive a sentence of 30 to 50 years' imprisonment on his second degree murder conviction and a sentence of 10 to 10 years' imprisonment on his conviction for use of a deadly weapon to commit a felony, for a total sentence of 40 to 60 years' imprisonment. The district court accepted the State's sentencing recommendation and sentenced Loving in conformity therewith. No direct appeal followed.

On July 1, 2021, Loving timely filed a verified motion for postconviction relief in the district court. In his motion, Loving alleged that counsel was ineffective for failing to file a direct appeal when Loving had repeatedly requested that counsel do so following the imposition of his sentences. Loving made a second claim of ineffective assistance of counsel based on trial counsel's failure to file a motion for absolute discharge on speedy trial grounds. Loving also appeared to

argue in his motion that the district court erred in failing to dismiss the charges against Loving, knowing that his speedy trial rights had been violated. Essentially, Loving's speedy trial assertions stemmed from his belief that the original date for the retrial, December 2, 2019, was beyond the speedy trial deadline and that, as such, substitute counsel should have filed a motion to discharge, rather than a motion to continue the trial, and the district court should not have accepted his plea.

The court ordered an evidentiary hearing on Loving's first claim, regarding the failure to file a direct appeal. The court indicated that the evidence provided at the hearing should be provided through deposition testimony. A transcription of the evidentiary hearing is not included in our record. However, the district court's order indicates that at the hearing depositions from substitute counsel and from Loving were admitted into evidence.

Following the hearing, the district court entered an order denying Loving's "Post Conviction Motion as to all matters, which includes ineffective assistance of counsel for not filing an appeal and [Loving]'s claim that he was denied his right to a speedy trial." As to Loving's claim that counsel failed to file a direct appeal, the court found that Loving

> was not deprived of effective assistance of counsel from [counsel] regarding [counsel] not filing an appeal after [Loving's] conviction by plea agreement. [Loving] did not establish [counsel] failed to perfect a timely Notice of Appeal on [Loving's] behalf after repeated requests in violation of the Sixth Amendment of the U.S. Constitution and Art. I Sect. 11 of the Nebraska Constitution. As such, counsel acted in a professionally reasonable manner and [Loving] is not entitled to postconviction relief in the form of a direct appeal.

Loving appeals.

## ASSIGNMENTS OF ERROR

On appeal, Loving asserts, renumbered, that the district court erred in determining that he was not entitled to reinstatement of his direct appeal due to trial counsel's ineffective assistance and in determining that trial counsel's testimony on the subject was more credible than Loving's testimony. Loving also asserts that the district court erred in finding that his trial counsel was not ineffective for failing to file a motion for absolute discharge and for failing to allege that Loving's prior trial counsel operated under a conflict of interest. Finally, Loving asserts that his postconviction counsel provided ineffective assistance in failing to file a motion to alter or amend the district court's order.

## STANDARD OF REVIEW

Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision. See *State v. Dalton*, 307 Neb. 465, 949 N.W.2d 752 (2020).

ANALYSIS

*Trial Counsel's Failure to File Direct Appeal.*

The district court determined that Loving was entitled to an evidentiary hearing on his postconviction claim that trial counsel was ineffective for failing to file a direct appeal. After the evidentiary hearing, the court ultimately found that trial counsel was not deficient in failing to file a direct appeal that was not requested. On appeal, Loving challenges the district court's finding, including the court's decision that trial counsel's deposition testimony was more credible than Loving's deposition testimony. However, Loving has failed to provide this court with a record which supports this claim. While Loving did file a request for a bill of exceptions, he did not request that a transcription of the evidentiary hearing held on May 25, 2022, be included in that bill of exceptions. As a result, we do not have a record of what transpired at the evidentiary hearing, the evidence received at this hearing, or any discussions that may have taken place at that time.

It is incumbent upon an appellant to supply a record which supports his or her appeal. *State v. Britt*, 310 Neb. 69, 963 N.W.2d 533 (2021). Absent such a record, as a general rule, the decision of the lower court as to those errors is to be affirmed. *Id*. Because Loving has failed to include the record of the May 25, 2022, evidentiary hearing in his appeal to this court, there is nothing in the record to support his allegations regarding the district court's decision that trial counsel was not deficient in failing to file a direct appeal. Specifically, we are unable to review the allegedly conflicting testimony regarding whether Loving asked trial counsel to file an appeal, or whether no such request was timely made. Accordingly, we must affirm the district court's decision in this regard.

*Speedy Trial and Motion to Discharge Claims in Postconviction Motion.*

In his motion for postconviction relief and in his brief on appeal, Loving alleges that he received ineffective assistance from trial counsel because counsel failed to file a motion to discharge on speedy trial grounds. In its order, the district court denied Loving's claim: "this Court hereby denies [Loving]'s Post Conviction Motion as to all matters, which includes ineffective assistance of counsel for not filing an appeal and [Loving]'s claim that he was denied his right to a speedy trial." We find that the court erred in denying Loving's claim at this juncture in the proceedings.

When a postconviction motion alleges a claim of ineffective assistance based on counsel's failure to file a direct appeal, which has as its relief a new direct appeal, alongside other claims of ineffective assistance of counsel that request as relief a new trial, the district court must first address the claim that counsel was ineffective for failing to file a direct appeal, including holding an evidentiary hearing, if required. *State v. Dalton, supra*. Upon reaching its decision, the district court should enter a final order on that claim only. *Id*. If the claim for a new direct appeal is denied, a defendant should be permitted to appeal that denial. *Id*. Only after the resolution of that appeal, or, alternatively, the expiration of the defendant's time to appeal, should the district court proceed to consider the remaining claims. *Id*.

In *State v. Determan*, 292 Neb. 557, 873 N.W.2d 390 (2016), the Nebraska Supreme Court explained that addressing and waiting for a final mandate on any claims of ineffective assistance of counsel for failing to file a direct appeal before addressing other postconviction claims of

ineffective assistance of counsel serve the interests of judicial economy by preventing the district court's determination of the nondirect appeal claims from being rendered meaningless. For, if a new direct appeal were ultimately granted on the postconviction claims related to counsel's failure to timely file a direct appeal, then any other claims of ineffective assistance of counsel could be raised in the new direct appeal rather than through a postconviction procedure. *Id.*

The Supreme Court has instructed that when a district court fails to follow this directive and disposes of other postconviction claims before there has been a final mandate on a disposition of the postconviction claim requesting a new direct appeal, the proper disposition in an appeal from the district court's order is to vacate the district court's disposition of the additional claims and remand the cause for further proceedings. *Id*. Thus we do so here. Loving's assignment of error regarding his postconviction claim that counsel was ineffective in failing to file a motion for absolute discharge is thereby rendered moot. We do not address whether the district court correctly found that Loving was not entitled to relief on this claim.

*Conflict of Interest of Former Counsel.*

In his brief on appeal, Loving argues that the district court erred in failing to grant him postconviction relief on his claim that his original trial counsel, who withdrew from the case prior to Loving entering his plea, "operated under a prejudicial conflict of interest" and failed to file a proper motion in limine. Brief for appellant at 4. However, Loving did not raise this issue to the district court in his motion for postconviction relief. An appellate court will not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief. See *State v. Deckard*, 272 Neb. 410, 722 N.W.2d 55 (2006). Because this issue was not raised to the district court, we decline to consider it further.

*Failure of Postconviction Counsel to File Motion to Alter or Amend.*

The final assignment of error in Loving's brief on appeal is that his appointed postconviction counsel provided him with ineffective assistance when counsel failed to file a motion to alter or amend the district court's order denying him relief, as was explicitly requested by Loving. Loving's claim is without merit, as there is no constitutional guarantee of effective assistance of counsel in a postconviction action and therefore no claim for ineffective assistance of postconviction counsel. *State v. Brown*, 312 Neb. 654, 980 N.W.2d 834 (2022). Moreover, Loving concedes in his brief that he is not asserting a statutory right to effective assistance of counsel. Because there is no constitutional right to postconviction relief based on ineffective assistance of postconviction counsel, Loving's claim must fail.

CONCLUSION

We affirm the district court's denial of Loving's ineffective assistance claim concerning his direct appeal. The portion of the district court's order denying Loving's claim of ineffective assistance of counsel related to ineffective assistance for failure to file a motion for absolute discharge is vacated and the cause is remanded for further proceedings. Loving's remaining assignments of error either cannot be considered by this court due to his failure to raise them to the district court or are without merit.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED FOR FURTHER PROCEEDINGS.